UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                          CRIMINAL CASE NO. 04-50037

v.

DEMETRIUS TREMELL ROSS,                       HONORABLE PAUL V. GADOLA
                                                           U.S. DISTRICT COURT

                                  Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT

Before the Court is Defendant's Motion to Dismiss Indictment, filed on July 8, 2005. Defendant seeks dismissal of the indictment due to a lengthy delay in proceeding to trial.

The Speedy Trial Act, 18 U.S.C. § 3161, et seq., requires that a defendant be brought to trial within 70 days of his initial appearance. 18 U.S.C. § 3161(c)(1). Various periods may be excluded from this time period. *See* 18 U.S.C. § 3161(h).

The Government concedes that Defendant was not brought to trial within 70 days, minus excludable delay. Resp. at 3. (Defendant appeared for arraignment on June 17, 2004 and trial is scheduled for July 25, 2005.) Between Defendant's initial appearance and the filing of his motion to dismiss, 302 non-excludable days have elapse. This delay is in violation of the Speedy Trial Act and Defendant's indictment must be dismissed. 18 U.S.C. § 3162(a)(2).

"In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and

circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.* The Court should also consider the prejudice to the defendant resulting from the delay. *United States v. Taylor*, 487 U.S. 326, 340 (1988).

Defendant argues that although all offenses charged in Federal Courts can be considered serious, Defendant's offense is not serious insofar as it was non-assaultive, involved no other serious offense, and was victimless. Defendant, though, is charged with Felon in Possession of Firearm, in violation of 18 U.S.C. § 922(g)(1). Judging by the penalty this offense carries for Defendant, the Court finds his offense to be serious. Defendant's previous conviction which supports the charge of felon in possession was that of attempted receiving and concealing a stolen firearm. *See* Indict. at 2 (May 26, 2004). Furthermore, Defendant filed a stipulation on July 12, 2004 in which he sought an extension of the motion deadline "because of the seriousness of the charges." Stipulation to Extend Motion Deadline at 1 (July 12, 2004).

Defendant argues that the facts and circumstances of the case which led to the dismissal requires that the indictment be dismissed with prejudice because the delay is lengthy and not attributable to Defendant. In addition, Defendant argues that the impact of reprosecution on the administration of justice and the Speedy Trial Act also requires dismissal with prejudice because the delay is so lengthy and because Defendant has been forced to live with various restrictions, such as reporting requirements, and the anxiety that can be caused by such prosecution.

In *Taylor*, the Supreme Court stated,

The length of delay, a measure of the seriousness of the speedy trial violation, in

2

some ways is closely related to the issue of the prejudice to the defendant. The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty:

> "[I]nordinate delay between public charge and trial, . . . wholly aside from possible prejudice to a defense on the merits, may 'seriously interfere with the defendant's liberty, whether he is free on bail or not, and . . . may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.'"

*Taylor*, 487 U.S. at 340-341 (citation omitted).

The Court finds that the facts leading to dismissal and the impact of reprosecution do not favor dismissal with prejudice.  The lengthy delay was not caused by any intentional act of the Government, but rather by oversight during motion practice.  Although not the fault of Defendant, the delay was occasioned by an oversight regarding Defendant's motion for reconsideration. Defendant has been out on bond during the entire time of the delay and he is represented by appointed counsel.  It does not appear that the delay has disrupted his employment, drained his financial resources, curtailed his associations, or subjected him to public obloquy.  Defendant does have previous experience with the criminal justice system.  The delay had the effect of essentially staying the case, so that Defendant was not hassled by the Government, other than through his bond restrictions, and the Government did not obtain an unfair advantage by the delay.  Finally, the Government states that all discovery has been provided for in a timely manner, and the witnesses and evidence are still available.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Indictment [docket entry 22] is **GRANTED IN PART** and, pursuant to the Speedy Trial Act, the

Indictment in this case, No. 04-50037, is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated:  September 2, 2005                                    s/Paul V. Gadola
                                                                       HONORABLE PAUL V. GADOLA
                                                                       UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   September 2, 2005   , I electronically filed the foregoing paper
with the Clerk of the Court using the ECF system which will send notification of such filing
to the following:
                                        Kenneth R. Sasse                                        , and I
hereby certify that I have mailed by United States Postal Service the paper to the
following non-ECF participants:                      Richmond M. Riggs                      .


                                                       s/Ruth A. Brissaud
                                                       Ruth A. Brissaud, Case Manager
                                                       (810) 341-7845